**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 09 C 7903 |
| | ) | |
| GES EXPOSITION SERVICES, | ) | Judge Ronald A. Guzmán |
| VIAD CORP., and GES CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Charles Brown has sued GES Exposition Services and Viad Corp.[1] for violations of the Americans with Disabilities Act ("ADA") (Counts I and II), 42 U.S.C. § 12101 *et seq.*, Title VII (Count IV), 42 U.S.C. § 2000e *et seq.*, and for retaliatory discharge in violation of Illinois common law (Count III). Before the Court is defendants' motion for summary judgment. For the reasons provided in this Memorandum Opinion and Order, the Court grants the motion.

## Fact

Unless otherwise noted, the following facts are undisputed or have been deemed admitted pursuant to Local Rule 56.1, which this Court strictly enforces. Defendant GES Exposition Services ("GES") provides logistical services for setting up and tearing down large conventions and trade shows. (Defs.' LR 56.1(a)(3) Stmt. ¶ 7.) Viad Corp. is the parent company of GES, and Brown does not allege that Viad Corp. had any involvement in the events giving rise to his

---

[1] Although Brown also sued GES Chicago, he now concedes that it is not an entity that can be sued. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶ 9.) Therefore, the Court grants defendants' summary judgment motion as to GES Chicago and terminates it as a defendant.

complaint. (*Id.* ¶ 8.)[2] In 1994, Brown began working for GES and eventually held the position of "Teamster Foreman." (*Id.* ¶ 10; *see* Defs.' Ex. 1, 10/19/06 EEOC Charge.)

On February 1, 2006, plaintiff reported to GES that he suffered a work-related injury. (Defs.' LR 56.1(a)(3) Stmt. ¶ 20.) On February 7, 2006, GES terminated Brown and stated that he failed to report a work-related injury in a timely manner, which, according to GES, violated GES policy and a previous settlement agreement between GES and Brown. (*Id.* ¶ 21; 2/7/06 Letter from S. Arslanovski to C. Brown.)[3]

On October 16, 2006, Brown filed an EEOC Charge of Discrimination. (Defs.' LR 56.1(a)(3) Stmt. ¶ 23.) On the form, he checked the boxes for "Race" and "Retaliation" and stated that "[b]eginning in July 2005 and continuing through the remainder of my employment, I was subjected to retaliation in that I was accused of refusing to do work and threatened with termination and I was given job assignments that aggravated my injury;" "[i]n February 2006, I was accused of not reporting an on-the-job injury and discharged;" and "I believe I have been discriminated against because of my race, Black, and retaliated against for having filed a previous charge of racial discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended." (Defs.' Ex. 1, 10/16/06 EEOC Charge.)

On December 12, 2006, Karen H. Jacobs, an arbitrator for the Federal Mediation and

---

[2]Because Viad Corp., which is merely the parent corporation of GES, was not Brown's employer and Brown does not argue that any of the exceptions to this general rule apply, it cannot be liable under Title VII or the ADA. *See Bright v. Hill's Pet Nutrition, Inc.*, 510 F.3d 766, 771 (7th Cir. 2007); *Papa v. Katy Indus., Inc.*, 166 F.3d 937, 940-43 (7th Cir. 1999). Thus, the Court grants defendants' summary judgment motion as to Viad Corp. with regard to Counts I, II and IV.

[3]Although Brown attempted to deny this fact statement, he failed to comply with LR 56.1(b)(3)(B), and it is thus deemed admitted.

Conciliation Service Voluntary Labor Panel, sustained Brown's grievance regarding his termination and reinstated him with back pay because she concluded that GES failed to show by a preponderance of the evidence that Brown violated GES policy or the settlement agreement. (Defs.' LR 56.1(a)(3) Stmt. ¶ 24; Defs.' Ex. 20, 12/12/06 Arbitrator's Decision 6-8.) On December 21, 2006, Brown returned to work at GES. (Defs.' LR 56.1(a)(3) Stmt. ¶ 25.) Brown provided a doctor's note to GES saying he was restricted to light-duty work because he could not lift, push or pull anything over ten pounds with his right arm, which he was required to do at times as Teamster Foreman. (Defs.' Ex. 9, Brown Dep. 68-69; Defs.' Ex. 21, 12/19/06 Cole Report.) GES maintains a light-duty program in which employees are assigned to perform light-duty assignments for a period of 120 days. (*Id.* ¶ 27.) This initial 120-day period can be extended by an additional sixty days if a request for such an extension is granted. (*Id.*) GES told Brown that it did not have any light-duty positions available at that time. (Defs.' Ex. 9, Brown Dep. 69.)

In late February 2007, GES notified Brown that it had a light-duty position in the Graphics Department. (Defs.' LR 56.1(a)(3) Stmt. ¶ 28.) On March 1, 2007, Brown returned to work. (*Id.* ¶ 29.)

On June 13, 2007, Brown submitted a letter to GES from his doctor that stated Brown had permanent restrictions at the light/medium level functional capacity. (*Id.* ¶ 30; Defs.' Ex. 25, Letter from B. Cole to J. Filut of 6/13/07.) On that date, Brown was advised that he was terminated because GES had no light duty positions for him to fill. (Pl.'s Ex. 3, 5/28/08 EEOC Charge; *see* Pl.'s Ex. 4, Brown Aff. ¶¶ 11, 15 (stating that GES terminated him in June 2007); Pl.'s Ex. 10, Letter from S. DiSola to C. Brown of 6/14/07 (stating that June 13, 2007 was the last day Brown was eligible to work in a temporary modified duty position).) After that date,

Brown was no longer scheduled to work in the Graphics Department. (Defs.' LR 56.1(a)(3) Stmt. ¶ 31.) GES does not have any Teamster employees scheduled to work in light-duty positions on a permanent basis. (*Id.* ¶ 32.)

On May 28, 2008, Brown filed an EEOC charge of discrimination, which alleged that his June 13, 2007 dismissal was due to his race and disability and in retaliation for his October 16, 2006 charge of discrimination. (*Id.* ¶ 34.) It is undisputed that Brown filed the May 28, 2008 EEOC charge 350 days after he last worked for GES. (*Id.*) On September 24, 2009, Brown received a notice of right to sue from the EEOC on both his October 19, 2006 and May 28, 2008 EEOC charges. (*Compare* Compl. ¶ 3, *with* Answer ¶ 3.)

## **Discussion**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, (1986). Initially, the moving party bears the burden of identifying those parts of the record that establish the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party must go beyond the pleadings and present specific facts to establish that there is a genuine issue of material fact for trial. *See* Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 324.

## I. ADA and Title VII Claims (Counts I, II, and IV)

Brown has sued GES for failure to make a reasonable accommodation and discrimination under the ADA and race discrimination under Title VII. GES moves for summary judgment as to Brown's ADA and Title VII claims because they are either are time-barred or outside the scope of his EEOC charge.

GES first argues that Brown is barred from basing his ADA and Title VII claims on events that occurred outside of the 300-day statutory period prior to the filing of his EEOC charge on May 28, 2008. Brown concedes that he filed his May 28, 2008 EEOC charge 350 days after June 13, 2007, the date of his termination. (Pl.'s LR 56.1(b)(3)(A) Stmt. ¶ 34.)

Brown nonetheless argues that his ADA and Title VII claims based on his termination on June 13, 2007 fall within the scope of his previous EEOC charge filed on October 29, 2006. Discrimination "claims brought in judicial proceedings must be within the scope of the charges filed with the EEOC." *Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005) (Title VII); *see McCoy v. City of Chi.*, No. 10 C 5685, 2011 WL 1770466, at *2 (N.D. Ill. May 9, 2011) (ADA). This rule serves two purposes: (1) it allows the EEOC a chance to resolve the dispute, and (2) it puts the employer on notice of the charges against it. *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002). To determine whether a claim is within the scope of an EEOC charge, a court must ask whether the claim is "like or reasonably related to" the EEOC charge and "whether the current claim reasonably could have developed from the EEOC's investigation of the charges before it." *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996). "[C]laims are not like or reasonably related unless there is a factual relationship between them. This means that the EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d

497, 501 (7th Cir. 1994) (emphasis original). Claims are "adequately related under the scope-of-the-charge doctrine where 'the factual relationship of the . . . charges . . . is so related and intertwined in time, people and substance that to ignore that relationship for a strict and technical application of the rule would subvert the remedial purposes of the Act.'" *Noreuil v. Peabody Coal Co.*, 96 F.3d 254, 259 (7th Cir. 1996) (quoting *Kristufek v. Hussmann Foodservice Co.*, 985 F.2d 364, 368 (7th Cir. 1993)). When a complaint raises a different theory of discrimination than was raised in the EEOC charge, a court must be able to infer the different theory of discrimination from the facts alleged in the EEOC charge for the complaint to fall within the scope of the EEOC charge. *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003).

Here, in his October 29, 2006 EEOC charge, Brown alleged only race discrimination and retaliation for his 1998 EEOC charge of race discrimination. The October 29, 2006 EEOC charge stated in totality:

> I began my employment with Respondent on January 20, 1976. My most recent position was Teamster Foreman. In 1998, I filed a charge of race discrimination with EEOC (Charge Number 210-1998-01824) against Respondent and in July 2002, EEOC issued a Determination stating that a violation of Title VII of the Civil Rights Act of 1964, as amended, had occurred. In February 2005, I suffered an on-the-job injury and returned to work in March 2005. On May 31, 2005, I re-injured myself and on June 6, 2005, I was told by Respondent to remain off work until cleared by my physician. I returned to work on or about July 27, 2005. Beginning in July 2005 and continuing through the remainder of my employment, I was subjected to retaliation in that I was accused of refusing to do work and threatened with termination and I was given job assignments that aggravated my injury. On February 1, 2006, I requested that Respondent grant authorization for me to see their physician and/or receive medication regarding my injury. In February 2006, I was accused of not reporting an on-the-job injury and discharged.
>
> I believe I have been discriminated against because of my race, Black, and retaliated against for having filed a previous charge of racial discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.

6

(Defs.' Ex. 1, 10/19/06 EEOC Charge.)  After a careful reading of Brown's October 19, 2006 EEOC charge, the Court is unable to infer ADA failure-to-accommodate and discrimination theories from the facts alleged therein.  Brown affirmatively states in that EEOC charge that after July 2005 and continuing through the remainder of his employment, GES retaliated against him in violation Title VII for his having filed a previous charge of racial discrimination by accusing him of refusing to do work, threatening to terminate him and giving him job assignments that aggravated his injury.  He also affirmatively states in that EEOC charge that GES' alleged treatment of him constitutes race discrimination.  Most importantly, Brown fails to mention disability at all in the October 19, 2006 charge.  Based on Brown's specific allegations in that charge, the Court holds that his instant ADA reasonable accommodation and discrimination claims could not have reasonably developed from the EEOC investigation of the Title VII charges before it.  The fact that Brown later filed the May 28, 2008 EEOC charge, albeit in an admittedly untimely manner, which alleged ADA violations based on GES' failure to accommodate his disability and disability discrimination from December 12, 2006 through June 13, 2007, also shows that his ADA allegations are not encompassed by his earlier filed charge.  Simply put, the ADA claims in the instant complaint are not like or reasonably related to his EEOC charge because the charge and the complaint do not describe the same conduct or time period.

Brown argues that he orally told an EEOC investigator via telephone additional facts regarding his June 13, 2007 termination, the light-duty status, and the arbitration hearing.  However, "an oral charge . . . not reflected in nor reasonably related to the charge actually filed,

7

is not a sufficient predicate for a claim . . . in [a] civil action." *Vela v. Vill. of Sauk Vill.*, 218 F.3d 661, 665 (7th Cir. 2000). "No case suggests that an oral statement to an agency representative is adequate, and notice of such a statement cannot be expected to reach the employer." *Id.* Brown's purported oral charge of ADA violations (which he states was an oral communication of additional facts) is neither reflected nor reasonably related to his October 19, 2006 EEOC charge, and there is no evidence in the record to support a reasonable inference that GES was notified of such communication prior to Brown's filing of the May 28, 2008 EEOC charge.[4]

The Court holds that Brown's ADA claims are not within the scope of his October 19, 2006 EEOC charge. Thus, the Court grants GES' motion for summary judgment with regard to Counts I and II. Because Brown has conceded that summary judgment should be granted as to Count IV (Pl.'s Resp. Br. 13), the Court also grants GES' motion for summary judgment as to Count IV.

## II. Retaliatory Discharge Under Illinois Common Law

In Count III, Brown alleges he suffered a retaliatory discharge in violation of Illinois common law based on his disability. The Court holds that Brown's common law retaliatory discharge claim is preempted as a matter of law by the Illinois Human Rights Act, and the Court

---

[4]Even if oral charges were, as a matter of law, sufficient to enlarge the scope of the charge, which they are not, the Court would still grant summary judgment in GES' favor. Although Brown relies on the EEOC case log and EEOC investigator notes to establish that he discussed additional facts with an EEOC investigator, the summary judgment record does not support a reasonable inference that Brown orally charged GES with ADA violations, rather than supplied additional instances of retaliation and race discrimination to support the October 19, 2006 EEOC charge, because the ADA is not mentioned in the case log or EEOC investigator's notes. (*See* Pl.'s Ex. 16, Case Log; Pl.'s Ex. 17, 7/12/07 Note; Pl.'s Ex. 18, 2/12/08 Note.)

thus lacks jurisdiction as to Count III.

"[N]o court may decide a case without subject matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction." *Weaver v. Hollywood Casino Aurora, Inc.*, 255 F.3d 379, 381 (7th Cir. 2001) (quotation omitted). The IHRA states that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than set forth in this Act." 775 Ill. Comp. Stat. 5/8–111(D) (2008). The IHRA provides that courts may only conduct review of a final order of the Illinois Human Rights Commission ("IHRC"). *See* 775 Ill. Comp. Stat. 5/8–111(B); *Garcia v. Vill. of Mount Prospect*, 360 F.3d 630, 640 & n.10 (7th Cir. 2004). Further, "a right to sue letter from the EEOC does not serve as a substitute for a final order from the IHRC." *Jimenez v. Thompson Steel Co., Inc.*, 264 F. Supp. 2d 693, 695 (N.D. Ill. 2003).

"Under Illinois law, when the allegations on which a state law tort is based constitute a civil rights violation under the Illinois Human Rights Act (IHRA), the tort is preempted." *Krocka v. Riegler*, 958 F. Supp. 1333, 1346 (N.D. Ill. 1997). Whether a claim is preempted by the IHRA "depends upon whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself." *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23 (Ill. 1997). The difference "between claims that are preempted and claims that are not preempted turns on the legal duty that the defendant allegedly breached." *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 604 (7th Cir. 2006). In other words, "if the conduct would be actionable even aside from its character as a civil rights violation because the IHRA did not furnish the legal duty that the defendant was alleged to have breached, the IHRA does not preempt a state law claim seeking recovery for it." *Id.*

9

In support of his retaliatory discharge claim, Brown alleged that he was discharged because he sought an accommodation, *i.e.*, a modified light duty position, due to his disability. (Compl. ¶¶ 36-39.) However, in response to defendants' summary judgment motion, Brown now argues that, although he could perform the duties of his former assigned position of foreman, GES terminated him based on its perception that he could not perform such duties based on Brown's submission of his physician's letter stating that he was permanently disabled at a light/medium level functional capacity. (*See* Pl.'s Mem. Resp. Defs.' Mot. Summ. J. 13; Defs.' LR 56.1(a)(3) Stmt. ¶ 30; Defs.' Ex. 25, Letter from B. Cole to J. Filut of 6/13/07.)

Regardless of which of those two theories Brown asserts in support of his retaliatory discharge claim, the claim is preempted by the IHRA. Discrimination based on a disability is prohibited by the IHRA. 775 Ill. Comp. Stat. 5/1–103(I) (2011). The legal duty Brown asserts that defendants breached was their duty not to retaliate against persons based on a real or perceived disability, a duty created by the IHRA, 775 Ill. Comp. Stat. 5/2-101. In other words, the conduct of which Brown complains would not be actionable aside from its character as a civil rights violation. Further, that Brown received a right-to-sue notice from the EEOC does not establish that he exhausted his administrative remedies under the IHRA. Accordingly, the Court holds that Brown's Illinois common law retaliatory discharge claim is preempted by the IHRA and dismisses Count III without prejudice for lack of jurisdiction.

**Conclusion**

For the foregoing reasons the Court grants defendants' motion for summary judgment [doc. no. 42] and hereby terminates this case.

**SO ORDERED**                              ENTERED:   September 26, 2011

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**